THE WATER POWER COMPANY v. J. McMURRAY, *et al.*

1. PETITION, *Amendment of; Error.* When the allegations of a petition are so indefinite and uncertain that the precise nature of the charge is not apparent, it is error for the court to overrule a motion of a defendant to require the pleading to be amended, if the defendant is likely to be embarrassed in his defense by reason of the character of such allegations.

2. ——— *Practice.* Within the decisions, many of the common counts which prevailed under the common law are permitted as good petitions, yet if the defendant wishes to take advantage of any want of certainty, precision, definiteness or consistency in the allegations, he may, by motion, challenge the petition, and compel it to be amended so as to be definite and certain.

*Error from Reno District Court.*

ACTION brought by *McMurray* and another, against *The Water Power Company*, a corporation organized under the laws of the state of Kansas, and two other defendants, to recover upon an alleged stated account. The facts, pleadings and proceedings sufficiently appear in the opinion. Trial at the April Term, 1879, of the district court, and verdict and judgment for plaintiffs. *The Water Power Co.* brings the case here.

*A. L. Williams,* and *H. Whiteside,* for plaintiff in error, cited:

1. As to pleading, and variance between the evidence and the allegations—10 Kas. 144; 10 Mo. 406; 37 id. 307; 32 id. 203; 7 id. 324; 26 id. 153; 35 id. 520; Bouvier's Law Dict., title, *"Allegata et Probata."*

2. As to land contracts and rescissions—17 Kas. 503; 21 id. 275; 26 Wis. 588; 29 id. 99; 31 id. 45, 491.

3. As to the introduction of parol evidence, to vary the terms and interpret the language of written instruments— 1 Johns. 192; 2 id. 531; 2 Sandf. 202; 1 Gr. Ev., § 275, note 3; 2 Ph. Ev., §§ 709, 711, 746, note 9; 3 id., § 291, note 9; 11 Johns. 201; 1 Cowen, 249; 4 Kas. 159; 20 id. 230; 10 Wend. 218; 5 Sandf. 201; 42 Wis. 56.

4. As to the duty of a court to construe written contracts

—1 Gr. Ev., § 277; 2 id., §§ 277, 278; 47 Ill. 178; 66 id. 315.

5. As to the power of officers, and the duty of parties dealing with corporations—16 Kas. 277, 486; Field on Corp., §§ 202, 203, 218, 219.

6. As to the admissions of agents of corporations—5 Kas. 490; 14 id. 273.

7. As to injustice done the plaintiff in error by the instructions—89 Ill. 537, 590; 62 id. 566.; 5 Sandf. 201; Field on Corp., § 197; 18 Kas. 245; 3 Am. Law Reg. (N. S.) 184; 13 id. (N. S.) 454; 8 id. (N. S.) 665.

*Houk & Brown,* for defendants in error:

Where a person signs a contract in his own name, it can be shown that he acted as agent for another. (9 Allen [Mass.] 419; 21 Md. 489; 37 Ind. 279.)

As to statements and admissions made by an agent of a corporation, we claim the true rule to be, that where an agent has full and ample power to make contracts, settle and adjust claims, and to bind the corporation, that when matters within the scope of his authority come before him, his settlements, statements and admissions are evidence against the corporation. (47 Mo. 443; 37 Ind. 279; 45 N. H. 370; 21 Pick. 270; 1 Gr. Ev. §§ 113, 114, 332; 116 Mass. 177; 18 Ill. 297; 1 Head, 582; 12 Rich. 634; 2 Pet. 358; 4 Metc. 163; 44 N. H. 223; 21 Albany L. J. 76.)

The opinion of the court was delivered by

HORTON, C. J.: On June 17, 1878, defendants in error (plaintiffs below) filed a petition in the district court of Reno county, in the following words and figures (omitting title):

"And now come the said plaintiffs, J. McMurray and C. McMurray, partners as J. & C. McMurray, and complain of the said defendants, the said Water Power company, a corporation duly incorporated under the laws of the state of Kansas, and C. C. Hutchinson and W. E. Hutchinson, for that on or about the — day of April, 1876, the said defendants, desiring to construct a mill-race from the Arkansas river

into the city of Hutchinson, employed these plaintiffs to do a part of said work; that said mill-race was undertaken from a point on the Arkansas river about four miles in a westerly direction from the city of Hutchinson, and runs to Cow creek, and thence to and through a part of the city of Hutchinson, Kansas, and it was on this race these plaintiffs were engaged to work in the construction of the same; that these plaintiffs did a very large amount of work on said race from said Arkansas river to said Cow creek, on the pump and various appliances used in the construction of said race, and in perfecting not only as above stated, from the Arkansas river to said Cow creek, but also on other portions of said race, continuing from April, 1876, to the 25th day of April, 1878; that from time to time, as said work progressed, plaintiffs and defendants met and mutually stated their accounts between these plaintiffs and defendants, and that the following amounts were due to plaintiffs from defendants at the times they each bear dates, to wit:

1. Work done on race from the Arkansas river to Cow creek...$646 93
2. Work done on pump and scraping around flume...............  33 75
3. Work done on head-race, frame mill to pond.................. 333 55
4. Work done on pond and dam...................................  79 70
5. Work done on dam, and livery in connection therewith..... 356 00

that the above accounts were stated by and between plaintiffs and defendants, as above set forth and agreed to by defendants as aforesaid, and said amounts are now due by defendants to plaintiffs, and unpaid; that said sums of money amount in the aggregate to the sum of $1,449.93, and became due these plaintiffs on the 25th day of April, 1878, with interest from April 25th, 1878.

                    HOUK & WHITELAW, *Att'ys for Pl'ffs.*"

The plaintiff in error (defendant below) filed a motion asking that the plaintiffs be required to make the petition more specific in the following particulars:

"1. That they state in said petition fully the nature and conditions of the contract mentioned, and the precise time it was made.

"2. That they state in said petition whether the said contract was in writing, or oral; and if in writing, that they attach a copy thereof to their petition.

"3. That they designate in their said petition the date at which the alleged stating of accounts took place.

"4. That they show what proportion of said fifth and last item was work, and what livery."

The court overruled the motion, and this is the first alleged error.

It is stated in Chitty's Pleadings that it is advisable in all declarations in *assumpsit* for the recovery of a money demand, (excepting against an infant, who cannot in law state an account,) to insert a count on an account stated. It seems to us, from an examination of the petition, that the pleader attempted to follow somewhat this old rule of pleading, and ingeniously prepared his allegations to recover on an account stated, and upon a failure to prove a certain and precise sum was admitted to be due by the defendants, to fall back upon the proof of the general allegations in the petition, and recover the amount claimed, or any smaller sum, as upon an account. Had the plaintiffs below relied solely upon an account stated, the only allegations requisite to set forth this form of action would have been: 1. That the plaintiffs and defendants accounted together; 2. That, on such accounting, the defendants were found to be in the plaintiffs' debt; 3. That defendants promised to pay the same; 4. That they have not done so.

While we are of the opinion that the usual manner of pleading a stated account, like the familiar allegations that the plaintiff had "bargained and sold," or "sold and delivered," that the "defendant was indebted to the plaintiff," or "had and received money to the plaintiff's use," within the authorities of other states where they have codes similar to ours, is sufficient under our code, as it was under the practice before the code, yet if the defendant is likely to be embarrassed in his defense by such "common counts," and objects to the plea in this form, he can, under the code (§ 119), require the pleading to be made definite and certain. The express words of the code are, that "the petition must contain a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." It is the purpose, therefore, of our system of pleading, that facts, and not law, must be alleged. The very object and design of all pleading by the plaintiff is, that

5 — 24 KAS.

the adverse party may be informed of the real cause of action, and may thus have an opportunity of meeting and defeating it, if possible, at the trial. Frankness and truthfulness are commendable at all times, and under all circumstances, and as much so in pleadings as elsewhere. Under the practice before the code, the original form of the debt or items of account were of no importance at all in an action of *indebitatus assumpsit*, for an account stated, and the time of the accounting, need not have been alleged; but under the code, if the defendant wishes to take advantage of any want of certainty, precision, definiteness or consistency in the allegations of the charge, he may, by motion, attack the same, and require it to be amended. In this way, a plaintiff can be compelled to disclose the facts of his real cause of action; to set forth his special contract, if he has one; to state specifically the items of an account; and, under some circumstances, the time of accounting. In this way, the courts have it in their power, by encouraging these classes of motions, and by treating them as highly remedial and important, notwithstanding the many authorities sanctioning the use of the "common counts," to shape the pleading into harmony with the words and spirit of the code. (*Meagher v. Morgan*, 3 Kas. 372.) Therefore, whether we regard the petition as an account stated, or an account and an account stated blended together, the trial court ought to have compelled the petition to be amended, as requested in the first, second, third and fourth specifications of the motion, in order that the precise nature of the claim against the Water Power company might have been clearly apparent, and the defendants unincumbered in their defense. The corporation and two individuals were sued together, and it was manifestly important to the corporation to be informed whether any special agreement at estimated prices was to be relied upon; also, if the contract was in writing, by which of its officers and agents it was signed. The date of the accounting was fairly demanded, and clearly the items of the work done and the livery furnished ought to have been separated. It was developed on the trial, that

one of the principal questions in the case was, whether the the work was done and the livery furnished for C. C. Hutchinson & Co., or the Water Power company. The corporation claimed the account was a personal claim against C. C. Hutchinson, or C. C. Hutchinson & Co. The plaintiffs below claimed that they had a special contract in writing for all the work done, which had been fully executed according to its terms. On its face, this contract purported to have been executed solely between C. C. Hutchinson and the said plaintiffs. Of course, under the pleadings, this condition of things led to much confusion and trouble on the trial. The joining of the corporation and the two individuals as defendants, under the general allegations of the petition, considering the facts subsequently developed, placed the corporation at a great disadvantage, and must have worked injustice. In the absence of the information demanded by the motion, the corporation was called upon to meet an account and an account stated, so huddled together under general allegations of fact and conclusions of law, as to render a successful defense almost impossible. As a corporation can only act through its officers and agents, the necessity for a statement of the actual facts constituting the cause of action of the plaintiff was greater than if the defendants were individuals.

In *Emslie v. City of Leavenworth,* 20 Kas. 562, we held the use of the old common-law "common counts" sufficient, in view of the overwhelming array of authorities from states having codes like ours; but we have never gone so far as to decide, that when the petition was properly attacked by motion, the plaintiff could not be forced to state the real facts constituting his cause of action. We favor petitions presenting single, clear and well-defined issues, rather than those concealing the actual facts under "glittering generalities." Generally, the trial court has much discretion in allowing or refusing motions to make petitions certain and definite, yet, when it is apparent to this court that a party has been prejudiced by the overruling of such a motion, we ought certainly to interfere.

We do not deem it necessary to consider the other questions discussed in the briefs, for the disposition we now make of this case may render those of no practical importance.

The judgment will be reversed, and the case remanded with direction to the district court to sustain the motion to amend and reform the petition in accordance with the views herein expressed.

All the Justices concurring.