HENRY KEYS v. HENRY LARDNER *et al.*

1. MORTGAGE FORECLOSURE—*Amending Description—Practice.* In an action upon certain promissory notes and two mortgages to secure the same, where the description of the land in the petition and in the mortgages was defective, and a party made defendant as a claimant of some interest in the land filed a motion to require the plaintiff to make his petition more definite and certain by giving a good and sufficient description of the real estate on which he claimed mortgage liens, which motion was overruled, and such party then answered to the effect that he was the owner of a certain tract of about 20 acres, specifically described, and that this tract was not included within the description of the mortgaged land, and the plaintiff filed no reply, and the court treated said answer as a disclaimer, and rendered judgment for the plaintiff on the pleadings, but in the decree of foreclosure so amended the description as to show that the tract was included in the mortgaged land, which did not before clearly appear, *held,* error.

2. INTEREST—*Rate of Recovery.* Where a promissory note drawing interest at 7 per cent. provides that upon default of interest the entire principal and interest shall, at the option of the legal holder, become at once due and payable without further notice, and shall bear 12 per cent. after maturity, but a mortgage given to secure the same contains a clause to the effect that, in case of such default, interest shall be computed at 12 per cent. from date, *held,* that the terms of the note, the principal obligation, govern those of the mortgage, which is merely incidental thereto, and interest must be calculated in accordance with the conditions of the note and not those of the mortgage; but, if the note becomes due by reason of default and the option of the legal holder, the higher rate is recoverable from the date of the exercise of such option, which may be made effective by the commencement of a suit.

*Error from Lyon District Court.*

ACTION by *Lardner* against Yahn, *Keys,* and others, to foreclose a mortgage. Judgment for plaintiff. Defendant *Keys* brings the case here. The opinion herein, filed June 8, 1895, states the material facts.

*J. G. Hutchison,* for plaintiff in error.

*E. W. Cunningham,* for defendant in error Keys.

The opinion of the court was delivered by

MARTIN, C. J.: I. The original action was commenced by said Henry Lardner against Francis Yahn and others on certain promissory notes, and to foreclose two mortgages given to secure the same; and Henry Keys, plaintiff in error, was made a party defendant as claiming some interest in the mortgaged premises, alleged to be inferior and subject to the liens of said mortgages. The premises were described in the mortgages and in the petition as follows:

"Commencing on the center line of section four (4), township nineteen (19), range eleven (11) east, 11 chains north of the center of said section four (4); thence north $33\frac{1}{2}$ degrees, east $5\frac{61}{100}$ chains; thence north 48 degrees, east $1\frac{46}{100}$ chains; thence north $67\frac{1}{4}$ degrees, east $3\frac{39}{100}$ chains; thence north 79 degrees, east $1\frac{70}{100}$ chains; thence north 78 degrees, east to the center of the Neosho river; thence down the center of said river to the east line of said section four (4); thence south on said line until it intersects the center of said river; thence down the center of said river to first ravine, to land owned by Albert Childres; thence south in the center of said ravine to the south line of the northeast quarter of said section 4; thence west on said line to the place of beginning — containing 68 acres, more or less, all in the northeast quarter of section 4, township 19, range 11."

Keys filed a motion to require the plaintiff to make his petition more definite and certain, by giving a good and sufficient description of the real estate on which he claimed mortgage liens. This motion was overruled, Keys excepting. Keys also filed a general demurrer which was overruled, and he excepted. He then filed an answer stating, among other things, that he was the legal owner in fee simple of the following-described real estate, lying and situated in the northeast quarter

of said section 4, township 19, range 11, in Lyon county, Kansas, described more particularly as follows : "Commencing at the southwest corner of the northeast quarter of said section four (4) ; thence east eight hundred and ninety-eight (898) feet ; thence north to the middle of the Neosho river ; thence up said river to the first ravine on the west side thereof ; thence angle left 29° 34' until it strikes the end of said ravine ; thence due west one hundred and eighty-seven (187) feet, to a stone ; thence south 25° 39' west, four hundred and eighty-seven (487) feet, to a stone on the west line of said northeast quarter of said section ; thence south on said line, eight hundred and four feet, to place of beginning — containing 20 acres more or less ; " and that he did not own or have any right, title or interest in or to any other part or parcel of said quarter-section ; and that the description contained in the petition and in the two mortgages does not embrace and describe the land owned by him or any part thereof. Attached to the answer was a diagram showing the quarter-section with the Neosho river flowing first eastwardly across it north of the center, and, returning again, crossing the southerly part of the east line, and flowing westerly and southeasterly out on the south line about 40 rods west of the southeast corner of the quarter-section, and showing also the Keys land. No reply was filed to this answer, but on October 16, 1890, the cause came on for hearing on the pleadings, no evidence being introduced by either party, and the court found, among other things, that said Henry Keys disclaimed any interest in the mortgaged premises, and he was discharged with his costs.

We think the court erred in treating the answer of Keys as a disclaimer, for it very plainly appeared that Keys did claim part of the land which the court

found to be included in the mortgages. The answer attacked the sufficiency of the description in the petition and the mortgages to include the land claimed by Keys. This description had been before challenged by motion. It was at least defective, so much so that the court did not follow it in the decree of foreclosure as to the south and west lines. Instead of one course from the point of reaching the south line direct to the place of beginning, the court made it read *to the south-west corner of said quarter section, thence north* to the place of beginning. When attention was called to the defective description by motion, the plaintiff ought to have amended his petition by giving a better description, or showing why he could not do so, or setting up some cause for reformation, so that the court might properly make the amendment in the decree. As to motion to make more definite and certain, see *Water Power Co. v. McMurray*, 24 Kas. 62 ; *A. T. & S. F. Rld. Co. v. O'Neill*, 49 id. 367. We think the description sufficient as to the place of beginning and the north and east lines, but the remainder is very defective, so as to render plausible the contention of Keys that it did not include his land or all of it.

II. Keys claims that the judgment was too large on both notes, but as to the first or $1,200 note he labors under a misapprehension of fact. He says this note was executed June 30, 1884, and became due June 30, 1889. When it became due it was extended for five years, to bear interest at the same rate. The statute regulating interest was amended May 25, 1889, the rate being lowered, and Keys contends that under the extension the interest was usurious. But the note and the mortgage were executed January 30, 1884, and became due January 30, 1889, and so the extension was made under the law in force when the note

was executed. The second, or $700 note, bearing interest at 7 per cent., contained a clause to the effect that upon default of payment of any interest the entire principal and interest should, at the option of the legal holder, become at once due and payable without further notice, and should bear interest at 12 per cent. after maturity, and the mortgage provided that in case of default interest should be computed at 12 per cent. from the date of the note until paid; and Keys contends that interest was computed from date of default of interest, and not from maturity. If this was so, it was erroneous, for the note is the principal obligation, and the mortgage is only an incident, and the former governs the latter. (*Hutchinson v. Benedict,* 49 Kas. 545, 551, and cases cited.) But on a note like the foregoing the option of declaring the whole amount due, so as to draw 12 per cent. interest thereafter, may be exercised by bringing suit therefor. (*Shattuck v. Rogers,* 54 Kas. 266; same case, 38 Pac. Rep. 280.)

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.