HENRY KEYS *et al.* v. HENRY LARDNER *et al.*
**No. 10768.**

1. STATUTE OF LIMITATIONS — *action of foreclosure begun in time, correction of mistake, asked by amendment made more than five years after execution of mortgage, not barred by.* An action was brought to recover on promissory notes and to foreclose mortgages given to secure the same. The land was defectively described in the mortgages, and, when attention was called to the defect, the plaintiff amended his petition; setting forth the description intended by the parties, and asking that the mortgages be corrected in that respect. *Held*, that the amendment did not introduce a new cause of action; and that the cause of action upon the notes and for the foreclosure of the corrected mortgages was not barred by the Statute of Limitations, although the amendment was made more than five years after the notes and mortgages were executed.

2. EVIDENCE EXAMINED — *and held sufficient.* Testimony examined and held to be sufficient to warrant the court in correcting the description of the mortgaged land.

Error from Lyon District Court. W. A. Randolph, Judge. Opinion filed July 8, 1898. *Affirmed.*

*J. G. Hutchison*, for plaintiffs in error.

*E. W. Cunningham*, for defendants in error.

JOHNSTON, J. This was an action by Henry Lardner against Francis Yahn and others to recover on two promissory notes and to foreclose two mortgages which were given to secure the notes. Henry Keys, who claims to have purchased a part of the mortgaged land, was made a defendant, and he alleged that the description of the land in the mortgage was defective and insufficient. His answer was erroneously treated as a disclaimer, and, without testimony, judgment was entered for the plaintiff on the notes and also foreclosing the mortgages. In the decree of foreclusure, an amended description was given which included that portion of the land claimed by Keys. The proceed-

ings were brought to this court for review and the judgment was reversed, and in the report of the review will be found a statement of the nature of the action and of the issues formed between the parties. *Keys v. Lardner*, 55 Kan. 331, 40 Pac. 644.

Upon review, it was held that "when attention was called to the defective description by motion, the plaintiff ought to have amended his petition, by giving a better description or showing why he could not do so, or setting up some cause for reformation, so that the court might properly make the amendment in the decree." After the cause was remanded for further proceedings, the plaintiff filed an amended petition, which made the amendment that was suggested in the opinion of the court and alleged that the land described was that intended to be included in the mortgages. Afterward, J. G. Hutchison, who was alleged to have purchased the land claimed by Keys, was made a party defendant, and he and Keys were the only defendants who appeared, or contested the right of the plaintiff to a foreclosure. On issues formed between them, testimony was received tending to show that the mortgages were intended to include sixty-eight acres in the southwest corner of the northeast quarter of a certain section, but that in describing the land one of the courses was accidentally omitted. The description, as will be seen, was by metes and bounds, and the north and east lines were definite and certain; but, after reaching the south line of the quarter-section, instead of a course running to the corner of the quarter-section, and thence north to the place of beginning, the description read : " Thence west on said line to the place of beginning " ; which, in effect, would exclude from the land a long, wedge-shaped piece of land, eleven chains north and south, across the west end of the tract owned and

occupied by the mortgagors. Upon the testimony, the court held that the the entire sixty-eight acres was intended to be included in the mortgages, and entered a decree reforming the description of the land in the mortgages and foreclosing the same.

It is now contended that the testimony was insufficient to warrant the court in finding that a course in the description was accidentally omitted, and in holding that it should be corrected. We find no difficulty in sustaining the ruling of the court. The description in the mortgage itself is strongly suggestive of a clerical error, and there was the evidence of two of the mortgagors, who were residing on the land when the mortgages were made, to the effect that the whole sixty-eight acres was intended to be included in the mortgages in controversy. It is said that the testimony is insufficient because the wives of the mortgagors, and others connected with the transaction, did not testify and state what their intentions were with respect to the description. It is not necessary that every party connected with the transaction should have testified. It is enough that there is testimony clearly showing that a course in the description was accidentally omitted, and that the corrected description was the one intended by the parties.

It is next contended that the plaintiff was barred from obtaining a foreclosure because more than five years elapsed from the execution of the mortgages until the amendment was made setting up the corrected description of the land therein. One of the mortgages was executed in January, 1884, and the other in December, 1886; and the amended petition asking for the correction of the description was filed in September, 1895. The Statute of Limitations does not apply. The amendment did not introduce a new and distinct cause of action, but was simply made to

cure an imperfect description and to clearly identify the land defectively described in the mortgage. The plaintiff set up no other notes or mortgages than those upon which he originally brought his action ; and the Statute of Limitations was not running against the notes and mortgages since the commencement of the original action in 1890.

We find nothing substantial in any of the objections made by the plaintiff in error, and therefore the judgment of the District Court will be affirmed.