[No. 8224.]

HOGG v. BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY.

STATUTES—*Construction—Repealing Statute.* A statutory clause purporting to repeal prior statutes is to be interpreted by the same rules as other enactments. The intention of the legislature must prevail over a literal interpretation. The title of a statute may be referred to, to aid in its interpretation. (469)

And the reason, or the absence of reason, for the interpretation sought to be placed upon the enactment. (469, 470)

Considering that by title of c. 181 of the Laws of 1903, it appears to have been the purpose of the legislature to deal with the estates, and not with the persons, of the insane; that it shows no intent to disturb the law relating to the trial of the sanity of a citizen; that no provision is made for the trial of an issue, in such cases, elsewhere than in the County Court, which had for so many years exercised the jurisdiction; that the act itself refers to the jurisdiction as still continuing; (§ 50) that it expressly provides for an inquisition in the County Court, upon allegation of the lunacy of a non-resident (§ 54), it was held that § 174 of the act was not intended to repeal the provisions of § 2204 of the General Statutes of 1883, as amended by c. 119 of the Laws of 1893. (470)

*Error to San Miguel District Court.*—Hon. THOMAS J. BLACK, Judge.

Mr. W. L. HOGG, pro se., Mr. L. W. ALLEN, Mr. J. M.

WOY, Mr. M. L. BROWN, and Mr. E. B. ADAMS, for plaintiff in error.

Messrs. BARNETT & CAMPBELL, and CARL J. SIGFRID, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. **Statement of the Case.** August 22, 1913, a complaint was filed in the county court of San Miguel county alleging the respondent, Thomas B. McMahon, a citizen of said county, was so insane or distracted in his mind as to endanger his own property, or the person and property of others, if allowed to go at large. The court forthwith issued an order for his apprehension, upon which, the following day, he was arrested by the sheriff, and August 28, 1913, the court ordered a jury summoned to inquire into his sanity. On the trial W. L. Hogg, plaintiff in error, was summoned and testified as a witness on behalf of the People. Respondent filed a motion to quash the complaint upon the following grounds: "First, because the County Court is without jurisdiction to inquire into the matter of the lunacy of said Thomas B. McMahon, and it is without authority and jurisdiction to hear and determine the same by or through a jury in the said court or otherwise. Second, that the said complaint and the process thereon under which the said T. B. McMahon is being held in custody, was issued without warrant or authority of law. Third, that there is no provision of law for an inquest of lunacy of the said T. B. McMahon, by a jury or otherwise in the said court; and his detention under said process is in violation of the constitution of the state of Colorado, and the constitution of the United States, sec. 1, art. 14 thereof." This motion was overruled. The facts were submitted to a jury which returned a verdict that respondent was not insane, and the court thereupon discharged him, and taxed all the costs of the proceeding against the county. The county commissioners refused to pay these costs, including Hogg's witness fees, and he appealed his claim to the

District Court where the case was docketed: *"W. L. Hogg, appellant, v. The Board of County Commissioners of San Miguel county, appellee."* Upon a trial, the District Court found the statute providing for a jury in the County Court in lunacy cases had been repealed; that the County Court had acted without jurisdiction; it sustained the action of the county commissioners, dismissed the appeal, and taxed the costs to Hogg, who, bringing the case here, assigns the following errors: "First, that it erred in dismissing the appeal of plaintiff in error from the Board of County Commissioners of San Miguel county, Colorado. Second, that it materially erred in failing to give judgment to plaintiff in error upon his appeal from said board to said court. Third, that it materially erred in holding that chapter 181 of the Session Laws of 1903, repealed the statute providing for the inquisition of lunacy, namely, section 2204 of the General Statutes of 1883. a. Because said statute of 1903 did not repeal the statute concerning the inquisition of lunacy. b. Because said statute of 1903 did not purport to repeal the statute concerning the inquisition of lunacy. c. That if said statute of 1903 did purport, and did intend, to repeal the statute concerning the inquisition of lunacy, that then the Act of 1903 was unconstitutional and void, for the title to the Act was insufficient. d. That said chapter 181 of the Session laws of 1903 did not purport to repeal nor did it mention in the repealing clause, section 2204 of the General Statutes of the State of Colorado, as amended by chapter 119 of the Session Laws of 1893, entitled 'Lunatics'."

By stipulation it was agreed that the whole controversy as to the cost bill in the County Court should be determined on the appeal of Hogg to the District Court, thereby avoiding the necessity of appealing each individual case.

2. Statement of the Lunacy Statutes. Section 1, Revised Statutes 1868, provides in substance that the probate court of the county where any lunatic resides, shall, on written application, empanel a jury to inquire

into the facts, and if the jury finds he is insane, to appoint a conservator of his estate. Section 28 provides, if the sheriff finds any lunatic in his county at large, he shall arrest and confine him until his sanity can be tried as provided in section 1. Upon the adoption of the constitution, no change was made in these sections by the General Laws of 1877, except to change the name from "Probate" to "County Court".

In 1879 the legislature repealed sections 1 and 28, but enacted in lieu thereof, other sections retaining the same numbers, 1 and 28. These sections, passed in 1879, are printed in the General Statutes of 1883 as sections 2204 and 2231, sub-sections 1 and 28. Sub-section 1 (General section 2204) provides in substance: upon filing a complaint in the County Court alleging that any insane person has property, and is incapable of managing it, the judge shall summon a jury to inquire into such facts, and if the jury return a verdict that he is so insane as to be incapable of managing his estate, the court shall appoint a conservator. Sub-section 28, (General section 2231) provides: that the County Court or judge thereof shall order the apprehension of any insane person against whom there is written complaint; and for the apprehension, without order, of any insane person found at large, and whether the arrest be by or without an order, the person arrested shall be taken before the County Court or judge, who shall hold an inquest as provided in section 1.

In 1893, these sections, 1 and 28, were again amended as follows:

"Section 1. That section 2204 of the General Statutes of the State of Colorado be, and the same is hereby amended so as to read as follows: Section 2204. Whenever any reputable person shall file with the County Court, or with the judge thereof in vacation, a complaint duly verified, and shall allege therein that any person in such county is a lunatic, or an insane person, and is so distracted in mind, as to render such person incapable of properly and safely attending to his affairs, or managing his estate, and praying that inquiry thereinto, be had, the

court if satisfied that there is good cause for the exercise of its jurisdiction, shall thereupon order a jury consisting of six jurors to be summoned to inquire into such facts; and if such complaint be filed in vacation the judge of said court may call a special term thereof, for the purpose of said inquiry. If it shall be alleged in said complaint and proved to the satisfaction of the court that said lunatic or insane person has personal or real estate, and if the jury shall return in their verdict that such person is so insane, or distracted in mind as to render him or her incapable of managing his or her estate, it shall be the duty of said County Court, to appoint some fit person to be the conservator of said estate.''

"Section 28. Whenever any reputable person shall file with the County Court a complaint duly verified (or whenever complaint duly verified shall be filed with the County Court by an authorized medical examiner, as hereinafter provided) alleging that any person in said county is so insane or distracted in his mind, as to endanger his own person and property, or the person and property of another, or others, if allowed to go at large, the County Court, or the judge thereof, shall forthwith issue an order in the name of the people, directing any person who shall be appointed by said county or judge, or any officer of said court, to execute the same by immediately taking such patient into custody; *Provided,* that when any sheriff or constable shall find within his county any such insane person at large, it shall be his duty to apprehend such insane person without an order of court; and when any alleged insane person shall be so arrested by or without an order of court, he or she shall be taken forthwith before the County Court, or the judge thereof, and if the alleged insane person so elect, an inquest as provided for in section 1 shall be held without delay   *   *   *.''

Sections 1 and 28 regarding inquests in lunacy, and the management of the estates of the insane, remained in its general plan, scope and effect the same from 1868 to 1903, when the legislature passed the enactment (Chapter 181, page 469, Laws of 1903), giving rise to this litigation. The act relates to the probate of wills, the administration of the estates of deceased persons, minors and persons

mentally incompetent, and repeals certain acts in relation thereto. Section 50 provides in substance: Upon representation to the County Court that a person is so insane as to be incapable of taking care of his estate, the court will, if it appears that he has not been adjudged insane, cause such adjudication to be had as in inquests of lunacy, and if he is adjudged mentally incompetent, appoint a conservator of his estate. Section 54 relates to the trial in the County Court of non-resident lunatics having property in Colorado. It provides in substance, that after the issues are joined, they shall be set for trial and tried (in the county court) by a jury as in other inquests of lunacy. Section 55 provides in substance, if upon the trial in the County Court such non-resident lunatic is declared insane, the County Court shall appoint a conservator. Section 174 provides: "Sections numbered * * * 2204 to 2225 inclusive * * * of the General Statutes of Colorado * * * are hereby repealed."

Section 1, Laws of 1893 (2204 General Statutes 1883) is omitted from the compilation of 1908 in which section 28 (2231) is inserted as section 4127.

3. Contentions of the Parties. It is claimed by the county commissioners, that the County Court in lunacy cases, has no jurisdiction to try the facts other than that conferred by statute; that the statute conferring such jurisdiction is section 28, page 333, Laws of 1893 (sec. 2231 G. S., 1883, sec. 4127 R. S. 1908) which provides that an inquest shall be had as provided in section 1; that section 1 is section 2204 G. S., 1883, and was expressly repealed by section 174, page 535, Laws 1903, and ceased to exist at that time, leaving the County Court without power to order a jury to try the facts, and took away the jurisdiction before conferred by statute to try the sanity of a citizen.

On the other hand, it is contended by Hogg that the repeal of section 2204 G. S., 1883, did not repeal section 1, page 331, laws of 1893; that the legislature had no intention in chapter 181, Laws of 1903 to take from the County Court jurisdiction to try the sanity of a citizen;

that the express repeal of section 2204 is subject to the same rules of construction and interpretation as other enactments, and when so construed, it will be found the County Court still has jurisdiction to try lunacy cases.

4.  Opinion of the Court.  A clause in a statute purporting to repeal other statutes is subject to the same rules of interpretation and construction as other enactments, and the intention of the legislature must prevail over a literal interpretation. *Smith v. People,* 47 N. Y. 330; *Pratt v. Swan,* 16 Utah. 483, 52 Pac. 1092; *Howlett v. Cheetham,* 17 Wash. 626, 50 Pac. 522; *Home B. & L. A. v. Nolan,* 21 Mont. 205, 53 Pac. 758; 36 Cyc., 1069 and notes.

In determining whether the legislature by section 174, chapter 181, Laws of 1903, intended to repeal section 2204, G. S., 1833, as amended by chapter 119, Laws of 1893, so as to deprive the County Court of jurisdiction to try the sanity of a citizen, we must look to the intent, and not to a literal interpretation.

The title of the act of 1903 shows the intent of the legislature by that enactment was to deal with the estates and not the persons of the insane.  It relates to the probate of wills, the administration of the estates of deceased persons, minors and persons mentally incompetent, and to the repeal of certain acts in relation thereto.  ''In relation thereto'', mentioned in the enactment, refers to the repeal of statutes relating to the estates of the insane, not to the persons.  The act refers to the management of their estates, not the procedure for the trial of the insane.  The primary object of the legislature was a codification of laws relating to the administration of the estates of deceased persons, minors and the insane.  Nearly three pages are devoted by section 174 to the enumeration of particular acts and parts of acts which are repealed, showing that this section was merely subordinate to the general plan of revision.  The title of the act indicates no intention to disturb the law relating to the trial of the sanity of a citizen.

Another method of arriving at the intention of the

legislature is the reasonableness of the legislation. There is no reason why the legislature in 1903 desired or intended to take from the County Court a jurisdiction it had so long exclusively exercised. If it intended to do this, it is remarkable no provision was made for the trial of such cases elsewhere.

In the next place, the Act itself refers to that jurisdiction as still continuing. Section 50 of the Act provides, upon representation to the County Court that any person is so insane as to incapacitate him from caring for his estate, if it appear to the County Court that no adjudication as to his sanity has been had, the County Court shall cause such adjudication to be had as in inquests of lunacy. As in inquests where, in what court? Where would the County Court cause such adjudication to be had except in that court. Yet it is contended that the legislature by the identical Act that required the adjudication to be had in the County Court, intended to take away its jurisdiction, which is an absurdity.

Section 54 in dealing with non-resident lunatics having property in this state, provides that after the issues in lunacy are joined in the County Court, they shall be tried by a jury in that court as in other inquests in lunacy. Can it be successfully contended that the legislature meant to confer on the County Court jurisdiction to try non-resident insane persons at the same time, by the same Act, deprive that court of jurisdiction to try resident insane persons? Certainly not. So from the title of the act of 1903, reference to the jurisdiction of the County Court as continuing, and the unreasonableness of legislation depriving the County Court of jurisdiction over the persons of the insane, we think it incredible that the legislature by section 174, chapter 181, Laws of 1903, intended to repeal that portion of section 1, chapter 119, laws of 1893 conferring jurisdiction upon the County Court in inquests of lunacy.

*Reversed and remanded.*

Decision *en banc.*