No. 25,350.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant,* v. H. J.
FLOYD and THE FARMERS STATE BANK OF WICHITA, *Appellees.*

No. 25,351.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant,* v. BEN
ROBBEN and THE FARMERS STATE BANK OF MOUNT HOPE, *Appellees.*

SYLLABUS BY THE COURT.

1. COÖPERATIVE MARKETING CONTRACT—*Association Entitled to Restraining
   Order to Prevent Breach of Contract Made Under R. S. 17-1616.* It is error
   to dissolve a restraining order granted under section 17-1616 of the Revised
   Statutes and to refuse to grant a temporary injunction to prevent a breach
   of contract made under the provisions of that section, where it is attempted
   to show that the contract was procured by fraud but the evidence is not
   sufficient to establish fraud.

2. SAME—*Mortgage on Harvested Wheat Inferior to Rights of Association
   Under Coöperative Marketing Contract.* The rights of a mortgagee of
   harvested wheat are inferior to the rights of one holding a contract under
   section 17-1616 of the Revised Statutes, where the mortgagee had knowledge
   of the contract at the time the mortgage was made.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge.
Opinion filed July 5, 1924. Reversed.

*T. A. Noftzger, George W. Cox, W. J. Masemore, R. L. NeSmith,* all of
Wichita, and *J. B. Larimer,* of Topeka, for the appellant.

*B. F. Hegler, John W. Adams, William J. Wertz,* and *George L. Adams,* all
of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In these actions the plaintiff seeks to obtain per-
manent injunctions against the defendants under section 17-1616 of
the Revised Statutes. In each case a restraining order was issued.
Afterward, on applications for temporary injunctions and on motions
of the defendants to dissolve the restraining orders, temporary in-
junctions were denied and the restraining orders were dissolved.
From these rulings the plaintiff appeals.

The plaintiff is a coöperative marketing association organized
under sections 17-1601 to 17-1625 of the Revised Statutes. Defend-
ants H. J. Floyd and Ben Robben were farmers engaged in growing
wheat. They entered into a contract with the plaintiff by which,
under certain terms and conditions, they agreed to sell and deliver

to the plaintiff all the wheat raised by them as "landlord or lessor" (lessee) during the years 1921, 1922, 1923, 1924 and 1925. The contract contained provisions similar to those set out in *Wheat Growers' Association v. Schulte*, 113 Kan. 672, 216 Pac. 311. Floyd, before the contract was signed by him, had given a chattel mortgage to the Farmers State Bank of Wichita on the wheat sown by him in 1921 to secure the payment of money that had been loaned to him to enable him to plant the wheat. That mortgage was not paid, and in 1922 it was renewed to cover the crop of wheat sown by him in the fall of that year. Ben Robben, on May 8, 1923, executed a mortgage to the Farmers State Bank of Mount Hope on the wheat raised by him. The controversy in each of these actions is over the crop that matured in 1923. Each of the defendants was threatening to refuse to deliver to the plaintiff the crop raised by him in 1923. Each of the banks was claiming the right to have the crop mortgaged to it delivered to it under its chattel mortgage.

1. Floyd and Robben each, on the rehearing of the motions, attempted to show that the plaintiff's agents who procured the signatures to the contracts made false representations to Floyd and Robben, which were believed by them, and through which they were induced to sign the contracts. The judgment contains the following:

"The court, having heard the arguments of counsel and being fully advised in the premises, finds that the motion of the defendants to dissolve the restraining order herein should be sustained, and that the application of the plaintiff for a temporary injunction should be denied."

If the evidence introduced were sufficient to show fraud there would be nothing to do but affirm the judgment of the court.

The evidence on the part of Floyd was that the representations made by the agent of the plaintiff were that the contract contained the provision that the plaintiff would pay 75 per cent of the value of the wheat on its delivery. Floyd read the contract and discovered that the provision was not in it. He then signed it. The evidence was not sufficient to show that he had been deceived by the fraudulent representation.

The evidence of Robben to show fraud was of a different nature. His testimony was to the effect that—

"When I signed the contract they said they would pay me a dollar a bushel or whatever the local elevator would pay me, and at the end of the year they would pay me a dividend on that. I found out that they would not do that, and under these circumstances, if the wheat was not mortgaged, I could not afford to deliver it to them."

That did not amount to a representation of a then existing fact. The representation was a promise of what would be done in the future and was not sufficient to constitute a fraud.

2. The contracts involved in these actions were drawn under section 17-1616 of the Revised Statutes, which in part reads:

"The association and its members may make and execute marketing contracts, requiring the members to sell, for any period of time, not over ten years, all or any specified part of their agricultural products or specified commodities exclusively to or through the association or any facilities to be created by the association. . . . In the event of any such breach or threatened breach of such marketing contract by a member, the association shall be entitled to an injunction to prevent the further breach of the contract, and to a decree of specific performance thereof. Pending the adjudication of such an action and upon filing a verified complaint showing the breach or threatened breach, and upon filing a sufficient bond, the association shall be entitled to a temporary restraining order and preliminary injunction against the member."

The validity of contracts of this character and the right to an injunction thereunder was upheld in *Wheat Growers' Association v. Schulte,* 113 Kan. 672, 216 Pac. 311.

The contracts in controversy contained the following provision:

"If the grower places a crop mortgage upon any of his crops during the term hereof, the association shall have the right to take delivery of his wheat and to pay off all or part of the crop mortgage for the account of the grower and to charge the same against him individually. The grower shall notify the association prior to making any crop mortgage, and the association will advise the grower in any such transactions."

The mortgages placed on the wheat were valid mortgages, but at the time they were signed the mortgagees had knowledge of the rights of the plaintiff under the contracts and knew that the contracts protected the rights of the mortgagees. The rights of the growers of the wheat and of the mortgagees were controlled by the contracts. It follows that the rights of the mortgagees were inferior to the rights of the plaintiff under the contracts.

The judgment is reversed and the trial court is directed to grant a temporary injunction in each action as is requested by the plaintiff therein.