No. 25,593.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant,* v. PETE LOEHR, JR., *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACTS—*Wheat-marketing Agreement—Breach — Recovery.* The proceedings considered, and *held,* the district court erred in not rendering judgment for stipulated damages sustained by the Kansas Wheat Growers Association on account of noncompliance by a member with his wheat-marketing agreement with the association.

2. INJUNCTION—*Contract—Breach Which May Be Restrained. Held further,* that under the circumstances stated in the opinion, an injunction to prevent delivery by the member of part of his wheat crop to an innocent chattel mortgagee to apply on the mortgage would serve no equitable purpose.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed April 11, 1925. Affirmed in part and reversed in part.

T. A. Noftzger, George W. Cox, R. L. Nesmith, W. J. Masemore, all of Wichita, A. C. Malloy, R. C. Davis, and Warren H. White, all of Hutchinson, for the appellant.

Carr W. Taylor, of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the Kansas Wheat Growers Association for an injunction to restrain one of its members from ·disposing of his wheat crop to any one except the association, and to recover stipulated damages for wheat disposed of contrary to the member's marketing agreement with the association. Defendant prevailed, and plaintiff appeals.

The purpose of the association and the general nature of the contract between the association and its members are set forth in the opinion in *Wheat Growers Association v. Schulte,* 113 Kan. 672, 216 Pac. 311. In *Wheat Growers Association v. Floyd,* 116 Kan. 522, 227 Pac. 336, it was held, in accordance with elementary principles of law, that rights of a holder of a chattel mortgage of a member's crop, taken with notice of the member's contract with the association, are inferior to rights of the association. In this case, the member's wheat crop for 1922 amounted to 1,200 bushels, net to him. The entire crop was used to satisfy a chattel mortgage given without notice to the association, and given to a bank having no notice of the member's contract with the association. This contract has the same sanctity as any other contract fairly made between competent parties, and the court erred in not rendering judgment for plaintiff for the stipulated damages resulting from breach of the contract with respect to the 1922 crop.

The member's 1923 crop amounted to 1,200 bushels, and there is no controversy over 400 bushels disposed of for use as seed. The crop was mortgaged to a bank having no notice of the member's contract with the association. Part of the crop has been sold by the bank, and the member desires to deliver to the bank the remainder, 350 bushels, still in his possession, to apply on the mortgage. Since legal title to the wheat has passed to an innocent purchaser, the chattel mortgagee, the member has deprived himself of power to fulfill his contract, made in 1921, to deliver all his 1923 wheat crop to the association. So far as the member is concerned, the association is entitled to an injunction against delivery of the

wheat to the chattel mortgagee. The association, however, does not desire to take up the mortgage, which amounts to more than the value of the wheat, and the mortgagee is entitled to resort to replevin. Therefore, a permanent injunction would serve no equitable purpose. Since the member withholds the wheat from the association for delivery to the chattel mortgagee, he must pay the stipulated damages.

The member testified that when he was threshing his 1922 crop he had a conversation with Mr. Wilson. It is said in the member's brief that Mr. Wilson was an agent of the association, but there is no testimony to that effect, and there is no testimony regarding the extent of Wilson's authority, if he had any. The conversation follows:

"I asked him if I needed any money on this year's crop what I should do, and he told me to go ahead and do the same thing; that they couldn't advance me any money."

The contract does not provide for advance payment except after delivery of wheat; the only reference in the answer to the subject of advance payment is a statement that the association represented it would advance 60 per cent of the market price at the time of delivery of wheat to the association; the conversation did not relate to an advancement on deliverable wheat; and the court properly made no reference to the subject of the conversation in its findings of fact.

The judgment of the district court denying an injunction is affirmed. The judgment denying damages to plaintiff is reversed, and the cause is remanded with direction to render judgment as indicated in this opinion.