THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as
Attorney-general, etc., *Plaintiff,* v. THE AMERICAN
SUGAR MANUFACTURING & REFINING COMPANY, an
Oklahoma Corporation; THE AMERICAN SUGAR MAN-
UFACTURING & REFINING COMPANY, a New Mexico
Corporation; THE CONSOLIDATED SUGAR COMPANY,
a New Mexico Corporation; DON A. MOUNDAY,
L. D. W. MOUNDAY, and HIRAM C. ROOT, *Defend-
ants.*

No. 18,963.

HEADNOTE BY THE REPORTER.

FOREIGN CORPORATION—*Unauthorized to Do Business in Kansas
—Agents—Ouster.* Where an individual is doing business in
this state in the name of a foreign corporation which has not
obtained a permit therefor, a court has jurisdiction to render
a judgment of ouster, whether the individual has authority to
act for the corporation or not. If he has such authority the
corporation may be ousted from doing business here; if he
has no such authority he may be ousted from doing business
in the corporate name.

Original proceeding in quo warranto. Opinion filed
August 2, 1913. Division two. Motion to dismiss over-
ruled. Application for receiver denied.

*John S. Dawson,* attorney-general, *A. M. Harvey,*
and *Frank Doster,* both of Topeka, for the plaintiff.

*D. R. Hite,* and *Harry J. Bone,* both of Topeka, for
the defendants.

*Per Curiam:* The state brings an action against Don
A. MounDay and L. D. W. MounDay, and two cor-
porations, one organized under the laws of Oklahoma,
the other under the laws of New Mexico. The corporate
names were originally the same—The American Sugar
Manufacturing & Refining Company. The name of
the New Mexico corporation has been changed to The
Consolidated Sugar Company. The plaintiff alleges in

29—90 KAN.

substance that neither corporation has authority to do business in Kansas, but that through the MounDays each has operated here, receiving payment from a large number of persons on purported sales of real estate and rights connected therewith, for which no substantial equivalent was returned. It asks that the defendants be ousted from the exercise of corporate functions, and that a receiver be appointed to take charge of the business and its proceeds.

Upon the hearing of the application for the appointment of a receiver no appearance was made for either of the corporations. The MounDays appeared specially and moved to dismiss the action upon the ground that without service upon the corporations, or upon one of them, the court can acquire no jurisdiction in this proceeding over the individual defendants, and that no valid service has been made upon either corporation because, although summons has been served upon the general manager of each, such service is void, for the reason that neither corporation has ever engaged in business in this state.

The motion to dismiss is overruled.

The court admittedly has acquired jurisdiction of the corporations if they have been engaged in business in this state. Whether this is the case is a question of fact to which the evidence now before the court warrants an affirmative answer. The MounDays have been acting professedly for the corporations, doing business in their name. They assert now that they had no authority to do so. In that case they have wrongfully assumed to exercise corporate functions, and this court has jurisdiction over them in this action to oust them therefrom.

We are asked, through a receivership, to take control of the proceeds of the business, in order that those who have been imposed upon by the defendants may, so far as practicable, have restored to them the money they have paid in the belief that they were dealing with a

corporation legally engaged in business here. The money in the hands of the defendants would not be forfeited merely because it was obtained by the exercise of corporate functions without authority, if their conduct had otherwise been unobjectionable. The plaintiff alleges that, apart from the question of corporate capacity, the money was obtained by fraud and misrepresentation, and without any substantial equivalent being returned. A proceeding in quo warranto is not well adapted to the investigation of a question of fraud of this character, or to the adjustment of the rights of the contributors to the fund as against the defendants or as between themselves.

A receiver will not be appointed by this court, but the pendency of this proceeding will not prevent an application for such appointment by a court of general jurisdiction. The restraining order against the transfer of any property or funds which are the proceeds of transactions purporting in any way to be those of either of the corporations, or used in connection therewith, is continued in force for ten days from this date. Pending the final decision of the case the defendants are restrained from engaging in any business in the guise of that of a corporation.