No. 23,548.

JOSHUA STEVENS et al., *Appellees*, v. EMMA DIMKE et al. (THE STATE BOARD OF ADMINISTRATION, *Appellant*.)

SYLLABUS BY THE COURT.

WILL—*Action to Set Aside—Mental Incapacity of Testator—State Board of Administration Proper Party Defendant.* A will was made and probated leaving one cent to each of the testator's four brothers and two sisters, providing for funeral expenses and a monument, and giving the rest of his property to the trustees of the State Orphans' Home. A part of the heirs, including one of the brothers, brought an action to set aside the will because of the testator's incapacity, naming as defendants one of the sisters, the administrator, and the State Board of Administration and its members, who constitute the trustees of the home. The board upon a special appearance moved to quash the service on it because it represented the state and could not be sued without its consent, and the motion was sustained. The sister, who was a defendant, filed an answer consisting of a

general denial. The administrator filed an answer raising no issue. A re-
ceiver was appointed to take charge of the real estate left by the testator.
A trial was had between the plaintiff on the one hand and the answering
defendants on the other and a judgment was rendered setting aside the
will. Nearly three months later, but before the expiration of the term of
court, the Board of Administration asked to be made a defendant and to
be permitted to resist the attack upon the will. The application was denied,
and from that ruling the board appeals. It is held that in view of the
facts that after the board had caused the service upon it to be quashed the
situation was changed by the appointment of a receiver for the real estate,
and that the trial was had and judgment rendered solely between parties
having no substantial adverse interests, the court should have granted the
request of the board for permission to become a party and make a defense.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed
March 11, 1922. Reversed.

*Richard J. Hopkins,* attorney-general, *J. K. Rankin,* assistant attorney-gen-
eral, and *Ed T. Hackney,* of Wellington, for the appellant.
*James Lawrence,* of Wellington, for the appellees.

The opinion of the court was delivered by

MASON, J.: James Alexander Stevens died leaving a will by which
after providing $200 for funeral expenses and $300 for a monument
and bequeathing one cent to each of four brothers and two sisters
he gave all the rest of his property to the trustees of the Orphans'
Home of the state of Kansas. The will was duly probated, and the
person it named as executor having removed, an administrator was
appointed. Thereafter a number of his heirs, including at least one
brother and apparently some nephews and nieces, brought an action
to set aside the will on the ground of the testator's want of capacity.
The defendants named in the petition were Emma Dimke, one of
the sisters, James Stevens, who seems not to have entered an ap-
pearance or to have been served with summons, the administrator,
and the Board of Administration (and its members), which is the
board of trustees for the Orphans' Home. (Laws 1917, ch. 297,
§§ 14, 17.) The Board of Administration made a special appear-
ance and moved to set aside the service of summons upon it and
dismiss the action on the ground that as it represented the state in
the matter it could not be sued with respect thereto without its con-
sent, upon the authority of *Construction Co. v. Board of Adminis-
tration,* 105 Kan. 291, 182 Pac. 386. On September 2, 1919, this
motion was sustained, the form of the order being that the service
of summons upon the board and its members was quashed and the
action dismissed as to them without prejudice.

On June 6, 1919, the administrator filed an answer raising no is-

sue, but setting out merely that he claimed only such interest in the estate as arose from his official capacity. On the same day the defendant, Emma Dimke, filed a general denial. On October 13, 1919, on motion of the plaintiffs the court appointed a receiver to take charge of the real estate owned by the testator at the time of his death. On January 9, 1920, a trial was had between the plain- tiffs on the one hand and defendant, Emma Dimke, and the ad- ministrator on the other, as the result of which the court on Janu- ary 16, 1920, rendered a judgment setting aside the will on the ground of a want of testamentary capacity. On April 7, 1920, the Board of Administration asked to be made a defendant and to be permitted to defend the capacity of the testator, which application was on February 25, 1921, heard and denied. The board appeals from that ruling.

No one other than the Board of Administration had any real in- terest in resisting the action to set aside the will. The interest of the other legatees to whom one cent each had been bequeathed was not substantial. The board was not only a necessary party but the sole party to be materially benefited by the upholding of the will. Except for its immunity from being sued without its consent the court might properly have required it to be made a party if the plaintiff had not undertaken to do so. (Gen. Stat. 1915, § 6930.) If the situation had been such as to make the board merely a proper party—if without its presence there had been a real controversy be- tween adverse claimants—the refusal to permit the board to inter- vene after it had effectively resisted the effort of the plaintiff to bring it in by summons, might be regarded as well within the discre- tion of the court under the precept that "he who will not when he may, when he will he shall have nay." In this connection it is to be borne in mind, however, that the board's challenge of the plain- tiffs' right to sue it without its consent had no necessary connec- tion with its deciding whether or not as a matter of policy it should become a party to the litigation. Moreover, it was not bound to anticipate the appointment of a receiver for the real estate left by the testator, and that step created what might justly be regarded as a new reason for its desiring to intervene. If within a few days after the sustaining of its motion to quash the service, or after the appointment of the receiver, the board had asked to be made a de- fendant it would have had a clear right to have its request granted, and doubtless it would have been granted. The only doubt as to

Stevens v. Dimke.

its being entitled to resist in the present proceeding the setting aside
of the will grows out of its having failed to ask an opportunity to
do so until nearly three months after judgment had been rendered
between the other parties, although the application was filed before
the expiration of the term of court. In any ordinary case—one in
which there was a real controversy to be determined between the
other parties—this delay would be fatal to the board's contention
that it was error to refuse to allow it to intervene at so late a stage
of the proceedings. But as already said there can be no substantial
basis for adjudicating the validity of a will upon issues made be-
tween parties whose interests are the same, between all the heirs
but one against the remaining heir, who in common with at least one
of the plaintiffs was given by the terms of the will a legacy of one
cent. Whatever the issues and the interests of the parties had been,
the judgment of course could not have affected the rights of the
board, because of its not being a party. Here, however, the judg-
ment was not between adversary parties and accomplished nothing.
It is doubtless true that the rights of the board could be determined
and protected in some other action brought by it. But a direct con-
test of the will is the natural proceeding for the settlement of the
question of the testator's capacity. Why the plaintiffs should not
welcome the bringing in of the real party in interest is not clear. If
the action was worth bringing at all it would seem worth while to
have it tried in such a way as to reach a decisive result. In view of
the exceptional circumstances stated we think the court should have
sustained the board's application to be allowed to resist in this ac-
tion the attack upon the validity of the will.

In the appeal the board seeks also to challenge the action of the
court in allowing the case to proceed to judgment in the absence of a
defendant having an adverse interest. We do not regard that action
as reviewable at the instance of the board in this proceeding.

The order denying the board's application is reversed and the
cause is remanded with directions to grant it.

WEST, J. (dissenting): Section 14, chapter 297, Laws of 1917,
puts the Orphans' Home under the control of the business manager
and the State Board of Administration. Section 15 authorizes the
board "to bring all suits and institute or defend any and all pro-
ceedings necessary to be brought or defend in any action to protect
the interests of the state herein and carry out the provisions of this

44—110 KAN.

act, to hold property, and receive and execute trusts for any or all said institutions, . . ."

This will gave the property to "The Trustees of the Orphans' Home of the State of Kansas," who are the members of this board. Some heirs sued to break the will and made the board defendant. The board appeared specially and asserted, among other things, that the court had no jurisdiction over it, claiming that the suit was one against the state. After this motion was granted, and there appeared danger of losing the devise, the board came back and asked to be made a party, and the court very consistently told it to stay out where it had chosen to stay. It was its duty to defend the suit in the first instance in obedience to the statute quoted.

The universal rule is that even when a state itself—not merely an administrative board—once consents to be sued or brings a suit—"it will be held to have laid aside its sovereignty and to have taken on the garb of an ordinary suitor, so far as concerns all proper matters of adjudication growing out of the cause sued on, . . ." (25 R. C. L. 410; *Moore v. Tate*, 87 Tenn. 725.) So far as the board of administration is concerned "it would not when it could" and ought not now to be heard to complain because the court ruled consistently with its own first choice.