No. 24,193.

THE STATE OF KANSAS, *ex rel.* RICHARD J. HOPKINS, as Attorney-general, *Plaintiff,* v. THE KANSAS CASUALTY & SURETY COMPANY et al., *Defendants.*

SYLLABUS BY THE COURT.

QUO WARRANTO—*Original Proceedings—Discretionary Jurisdiction of Supreme Court—Case Dismissed.* Although the supreme court has original jurisdiction in cases in the nature of quo warranto, and for the effective discharge of its duties thereunder it may exercise its inherent supervisory power over inferior courts, yet the exercise of such jurisdiction is not mandatory in all cases, but often discretionary, and in the absence of fraud or other extraordinary cause, that discretion will not be exercised to stay proceedings or otherwise interfere with the orderly administration of justice in an inferior court which has jurisdiction of a substantially similar cause wherein all matters alleged to invoke our original jurisdiction are and can be determined, and where any errors made in that court can be corrected on appeal.

Original proceedings in quo warranto. Opinion filed April 17, 1922. Dismissed.

*Richard J. Hopkins,* attorney-general, *H. E. Ganse, G. H. Frith,* both of Emporia, *A. L. Noble, W. A. Ayres, H. M. Black,* and *C. A. McCorkle,* all of Wichita, for the plaintiff.

*Fred Robertson,* of Kansas City, *F. B. Stanley,* and *Thomas C. Wilson,* both of Wichita, for the defendants.

*Per Curiam:* In this original proceeding in quo warranto, the state charges abuse on the part of the defendant corporation and its managing officers, and prays for the appointment of a receiver. Among the abuses narrated in the petition is a charge of collusion between some of the corporate officers and certain of the stockholders whereby this corporation has already been thrown into the hands of a receiver appointed by the district court of Sedgwick county. Permission was granted to file this action, and a temporary order was issued restraining further proceedings in the district court.

Defendant filed a demurrer which, together with affidavits on behalf of the rival factions interested in the corporation, has now had our consideration. Without undertaking to foreclose the facts which may hereafter be ascertained, and merely to explain the ruling here made, we hold that it does not yet appear that the district court was imposed on, but rather that the action was the result of a race

of diligence between two rival factions interested in the corporation—one of which was laying the groundwork for a federal receivership, and the other may have contemplated a receivership in the district court of Sedgwick county or bestirred itself to accomplish that object, prompted thereto by the activity of the other faction.

Ordinarily the district court is the proper forum for the correction of corporate mismanagement, or perversion, misuse, or abuse of corporate privileges such as herein alleged. (Gen. Stat. 1915, § 2182; id. § 7164, subdiv. 6.) By virtue of its original jurisdiction in quo warranto conferred by the constitution (Art. 3, § 3), and by its inherent supervisory jurisdiction over all inferior courts for the effective exercise of that jurisdiction (*In re Petitt*, 84 Kan. 637, 640, and citations, 114 Pac. 1071), the strictly legalistic point raised by defendants' demurrer which challenges our jurisdiction cannot be sustained; but whether this court should assert its jurisdiction when the district court already has jurisdiction of a cause substantially similar, although technically different in some possible aspects, is a question addressed to our discretion. In view of the obvious fact that the state can intervene in the Sedgwick county litigation (*Stevens v. Dimke*, 110 Kan. 686, 205 Pac. 596), and that the matters it alleges can be thoroughly aired in the action there pending, and that any disposition of that cause in the district court which fails to satisfy the just demands of the state may be corrected here on appeal, the court holds that it should not retain original jurisdiction of this cause. (*The State, ex rel., v. MounDay*, 90 Kan. 449, 133 Pac. 864.) The restraining order heretofore issued is set aside, and the cause is dismissed.