No. 23,803.

CITIZENS INSURANCE COMPANY OF MISSOURI, *Appellee*, v. FRED R. ETCHEN, *Appellant*.

SYLLABUS BY THE COURT.

1. *Action on Redelivery Bond—Motion for Additional Parties Defendant— Judicial Discretion.* The party for whose benefit a redelivery bond is given in a replevin action may sue either or all of the obligors on the bond; and where only one of the obligors is sued, a motion to bring in as defendant another obligor on the bond is addressed to the trial court's discretion, and the denial of such motion is not prejudicial error.

2. SAME—*Motion Directed to Answer Sustained—No Error.* Where an answer to a petition is properly subject to a motion that it be made more definite, specific and certain, there is no error in sustaining a motion to that effect.

3. SAME—*Failure to Amend Answer to Conform to Order of Court—Answer Filed Out of Time—Stricken from Files.* Where a motion has been sustained requiring an answer to be made more specific, definite and certain

in duly indicated particulars, and time is asked and repeatedly granted to the defendant to comply therewith, and he fails to do so within the time allowed or extended, but afterwards he files a carbon copy of his original answer with some trivial interlineations and certain matters stricken out by cancellation but which in no respect complies with the order of the court in the matters required to be pleaded with greater definiteness and certainty, such belated answer may properly be stricken from the files.

4. SAME—*Judgment by Default.* When an amended answer which does not conform to the order of court as to definiteness and certainty is filed out of time and is properly stricken from the files, defendant is in default, and no error is committed in entering judgment against him.

5. SAME—*Right of Interested Person Not a Party to Make Motion.* Any person interested in a lawsuit may make a motion with reference to his interest, whether he is legally and technically a party thereto or not—following *Green, Adm'r, v. McMurtry,* 20 Kan. 189, 193.

6. SAME—*Judgment Sustained.* Other matters argued in defendant's brief which do not fall within his formal assignment of errors, examined, and nothing discerned therein to warrant a disturbance of the judgment.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 10, 1922. Affirmed.

*T. J. Stanford, Lester Seacat,* both of Independence, *W. E. Ziegler,* and *A. M. Etchen,* both of Coffeyville, for the appellant.

*S. H. Piper,* of Independence, and *Charles D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a bond for the redelivery of an automobile.

The car had been stolen from its owner. The defendant, Fred R. Etchen, obtained it from a man who professed to be a deputy marshal in Oklahoma. Defendant repaired the car at considerable expense and traded it to Sam Weinberg. The plaintiff company had insured the original owner of the car against theft and had acquired his interest and brought an action in replevin against Sam Weinberg to recover it. The defendant, who had traded the car to Weinberg, joined with him in executing a redelivery bond. Plaintiff prevailed in that action and then brought this action against Etchen to recover on the bond. It prevailed, and defendant appeals. He presents an assignment of errors, viz.:

"1. Error in overruling defendant's motion to make additional party defendant.

"2. Error in sustaining plaintiff's motion to require defendant to make his answer more specific, definite and certain and to strike certain parts thereof.

"3. Error in sustaining plaintiff's motion to strike defendant's amended answer from the files and for judgment.

"4. Error in rendering judgment for plaintiff."

These errors are argued together by counsel for appellant, but it will make for simplicity and brevity to consider them separately.

1. Touching the first of these errors, the plaintiff had the right to sue either or both of the obligors on the redelivery bond. (Civ. Code, § 38; 34 Cyc. 1598.) It is superficially true that Weinberg was the principal on the redelivery bond and Etchen the surety, but the trial court was doubtless aware that as between Weinberg and Etchen the liability was bound to fall ultimately on Etchen, since he had sold or traded the automobile to Weinberg and had expressly or impliedly warranted the title. So it would have served no material purpose to have brought in Weinberg, and the trial court did not abuse its discretion in refusing to grant defendant's motion to that effect.

2. In defendant's answer, he had alleged that he had purchased the car from one William Mayfield, who was then and there as defendant—

"Was informed and believes, a deputy U. S. Marshal for the Eastern District of Oklahoma, . . . That . . . said Mayfield informed this defendant that said automobile had been used in the unlawful and illegal transportation of intoxicating liquors into the State of Oklahoma and in the Indian Country, and that said automobile had been seized by the Federal Officials and had been sold to the said Mayfield pursuant to libel proceedings theretofore pending in the United States Court, and that he, the said Mayfield, because of said proceedings and sale, held good and sufficient merchantable title to said automobile, and could, by said sale, convey good title."

Defendant also alleged that for the defense of the replevin suit he gave Weinberg and his attorney a statement of the facts concerning the purchase and sale and history of the automobile in controversy, and gave them the names of witnesses who were available and who would prove these facts, and requested Weinberg and his attorney to procure their attendance to take their depositions, but that Weinberg had neglected to use this information or to summon these witnesses and failed to make a proper defense in the replevin action. Defendant also loosely charged duplicity and collusion on the part of Weinberg and plaintiff's counsel in the replevin case, and that Weinberg had taken the advice of plaintiff's counsel, and that Weinberg had refused to make a verified application to have Etchen made a defendant in the replevin suit, and that by Wein-

berg's failure to assert the proper defenses judgment was entered against him for a much greater sum than if the case had been properly defended. Defendant also alleged neglect on Weinberg's part in failing to appeal.

On plaintiff's motion the defendant was ordered to make his answer more definite, specific and certain in these particulars—

(a) To state whether the car was in fact seized, libelled and sold by federal officials, and to state whether Mayfield held a good title pursuant thereto.

(b) To state the name and location of the court and title of the cause under which the car was ordered sold, and to give the date of sale, and set out a copy of the order in the libel proceeding, or the book and page where it could be found.

(c) To state whether defendant had procured a bill of sale for the car from Mayfield, and if so to set out a copy of it.

(d) To state the names and addresses of the witnesses which defendant alleged that he had given Weinberg and his attorney for the proper defense of the replevin action.

Other matters which had also been loosely and uncertainly pleaded in defendant's answer, too long for repetiton here, were also required by order of court to be more specifically and definitely pleaded. The order to that effect was entered on April 26, 1921, and defendant was given twenty days to conform thereto. On May 17, defendant filed an application for twenty days' further time for the reason—

"That though he has been diligent to discover the facts required by this court to be included in the amended answer, he has been unable in the time allowed to assemble all of the necessary information and data on which to base allegations, but has been able only partially to complete necessary investigations and believes that with the additional time herein requested, he will be able to ascertain exact and sufficient facts on which to predicate the required allegations."

It should be noted that this had reference to the facts which defendant alleged that he had supplied to Weinberg months before for the defense of the replevin suit; but nevertheless this request for further time was allowed. It should also be noted that this request for further time to comply was in effect an acquiescence in the court's order requiring him to make his answer more specific, definite and certain; and the court's order to that effect was neither erroneous nor prejudicial. (Civ. Code, § 122; *L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kan. 169; *Water Power Co. v. Mc-*

*Murray,* 24 Kan. 62; *St. L. & S. F. Rly. Co. v. French,* 56 Kan. 584, 44 Pac. 12; Phillips on Code Pleading, §§ 283, 284.)

3. Touching the third error assigned, the defendant did not within the time allowed conform to the order of court, so on June 13 the plaintiff served notice that it would move for judgment by default. Thereupon the defendant filed a carbon copy of his original answer with two or three trivial interlineations and with certain matters originally pleaded stricken out, but which made no effort or pretense to conform to the court's order of April 26. Whereupon plaintiff moved to strike this answer from the files and for judgment. This motion was sustained.

What was wrong about this? The order of the court had been disobeyed. Exceptional leniency had been extended to defendant. After alleging at length that he had supplied Weinberg in the replevin suit with the necessary facts to make a good defense and the names of witnesses to prove these facts, he could not set down definitely and certainly in an answer on his own behalf those facts which he says would have so effectually resisted the plaintiff's replevin case against Weinberg. After making uncertain but insinuating charges of collusion between plaintiff's attorney and Weinberg in the replevin suit he could not, or at least did not, set those matters down with definiteness and certainty so that the plaintiff could fairly meet them in this lawsuit. If defendant could not even plead with definiteness and certainty the matters he relied on to defeat the plaintiff, it was perfectly obvious that he could not prove them. Furthermore, this amended answer was filed out of time and could be regarded as a nullity. (*Luke v. Johnnycake,* 9 Kan. 511; *Jeffs v. Flickenger,* 14 Kan. 308.) The court committed no error in striking this amended answer from the files.

4. The defendant's answer having been properly stricken from the files, he was in default, and plaintiff was entitled to judgment as entered in his behalf. (*Race v. Maloney,* 21 Kan. 31; *Herman v. Gardener,* 103 Kan. 659, 175 Pac. 971.)

The foregoing disposes of defendant's assignment of error. We have not failed to note other matters discussed in his brief which do not follow the assignment, but they are not of sufficient relevancy to disturb the judgment. We note that a firm of lawyers interested in defendant's possible liability if Weinberg were defeated in the replevin suit undertook Weinberg's defense, but it does not appear that Weinberg employed them. These lawyers prepared a motion

and affidavit for Weinberg to sign to have Etchen substituted as defendant, but they retired from that case when Weinberg declined to verify the affidavit which recited that "Fred R. Etchen had good right to sell and deliver" the automobile to Weinberg. Weinberg could not with safety swear to anything of the sort, but he did invite defendant and his counsel to participate in the defense to the replevin suit. Furthermore, this defendant might have applied to the court in his own behalf for leave to be made a defendant in the replevin case, and he might have sworn to the alleged facts which Weinberg prudently declined to do. In *Green, Adm'r, v. McMurtry,* 20 Kan. 189, 193, it was said:

"Any person interested in a suit may make a motion with reference to his interest, whether he is legally and technically a party thereto or not. (Gen. Stat. 734, § 32; *White-Crow v. White-Wing,* 3 Kas. 276, 280; *Harrison v. Andrews,* 18 Kas. 537; *Branner v. Chapman,* 11 Kas. 118; *Foreman v. Carter,* 9 Kas. 674.)" (See, also, *Stevens v. Dimke,* 110 Kan. 686, 205 Pac. 596.)

Nor have we failed to note the alleged collusion between Weinberg and plaintiff's attorney. There was no more impropriety in Weinberg calling at the office of plaintiff's attorney than there was for defendant's attorney to do so. They were well acquainted with each other, and Weinberg had not then employed counsel. We discern no breach of professional ethics in plaintiff's counsel telling Weinberg that he was not in a position to advise him and that he should consult another lawyer, but warning him that if he should swear that Etchen had good title and had good right to sell and deliver the car he would have him subpœnaed as a witness to show the facts. Following this conversation with plaintiff's counsel, Weinberg employed a lawyer and then wrote to the defendant:

"Your . . . [attorney] at no time represented me in this case. I only permitted my name to be used in this case for the benefit of yourself, who is the real party of interest.

"I refuse to sign this motion for the reason that if I had signed the same I would have been guilty of perjury for the reason that the motion as set out is not true. . . .

"Wish further to advise that I am perfectly willing to turn this case over to you or your company or your lawyer to be conducted as you see fit and I will sign any motion or pleading you desire so long as the same is true.

"Wish further to advise that I have retained Chas. D. Ise as my counsel in this matter and we are perfectly willing to coöperate with you in any legitimate defense you have in this case."

There is no error in this record. The judgment in the replevin case may have been for a larger sum than it would have been if de-

fendant had gotten into that case and made a straightforward defense thereto; but the size of that judgment was no fault of Weinberg; and since defendant was bound to protect Weinberg, and was likewise bound on the redelivery bond, we discern no ground upon which this judgment can now be disturbed.

Affirmed.