Perkins v. Peterson.

---

No. 25,659.

JOHN PERKINS, *Appellee,* v. OLIVER PETERSON, *Appellant.*

SYLLABUS BY THE COURT.

1. JUDGMENT BY JUSTICE OF PEACE—*Appeal Bonds Filed—Action on Appeal Bond—Principal Obligor Not a Necessary Party—Judicial Discretion.* In an action to realize on an appeal bond given to stay a judgment of a justice of the peace, the principal obligor is not a necessary party defendant, as the party for whose benefit the bond is given has the option expressly conferred by the code, R. S. 60-414, of selecting which of the obligors he will sue; and a motion to have the principal obligor made a party defendant is addressed to the trial court's discretion.

2. SAME—The other matters urged against the judgment examined and no error discerned therein.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed February 7, 1925. Affirmed.

*W. L. Joyce,* of Paola, for the appellant.
*Alpheus Lane,* and *Karl V. Shawver,* both of Paola, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff recovered judgment on two appeal bonds signed by defendant, and the case is here for review.

The facts were these: Perkins brought two actions before a justice of the peace, Ed H. Wilson, against A. K. Sellers and garnisheed certain moneys of Sellers in the hands of an oil company. The garnishee paid the money into court. Judgment was entered in both actions against Sellers and he appealed. This defendant Peterson signed appeal bonds for Sellers. Afterwards, but while the

money paid into justice court by the garnishee was still in the hands of Wilson, the justice of the peace, it was garnisheed in another action against Sellers on process issued by another justice of the peace, J. C. Williford, and Wilson paid the money into Williford's court, where it presumably was subjected to the payment of other liabilities of Sellers.

In due time judgment in the cases appealed was entered in the district court in plaintiff's favor, and an execution issued pursuant thereto was returned *"nulla bona,"* and this action followed to realize on the appeal bonds.

Defendant moved for an order requiring Sellers to be made a party. This was denied. Defendant then answered, alleging that Sellers' attorney induced him to sign the bonds on the representation and assurance that they were merely cost bonds, and that the money garnished would remain in the hands of the court, and that the costs would not be more than $110. Defendant's answer also contained a lengthy narrative to the effect that Sellers' attorney and plaintiff's attorney and Ed H. Wilson and other attorneys in the other garnishment proceedings before the other justice of the peace, J. C. Williford, and other garnishing creditors of Sellers, and this plaintiff, John Perkins—

"Purposely, designedly and fraudulently entered into an agreement, understanding, relation of confidence and conspirary in relation to the said garnisheed fund, the property of the said A. K. Sellers, to wit—the sum of $450 as aforesaid paid into said justice court of Ed H. Wilson—by the terms of which said understanding and agreement, the said plaintiff Perkins and the said Sellers . . . should, in pursuance of said agreement, procure an order of this court, by virtue of which said order the said fund of $450 should be paid to the defendant in said actions, A. K. Sellers, in order and to the end that the said fund should by reason of said court order be thereby withdrawn from the custody of said court, and become subject to garnishment under writs of garnishment issued out of other courts, in action therein pending, in which actions, said parties and their said attorneys were interested, intending thereby, that the said garnisheed fund might in this manner and by this means be taken and removed from the custody and control of this court and subjected to the payment of the claims of the said Nellie Sellers and Margaret Atkinson [creditors of Sellers], and this defendant be thereby deprived of the protection and benefit of the retention of said garnisheed fund in the custody and control of this court, and in the hands of responsible parties as security for the matter in controversy in said Perkins-Sellers litigation, and to abide the result of the same, in accordance with the statements, representations and agreement between this defendant and the said [Sellers and his attorney] at the date of the execution of said bonds by defendant as aforesaid."

Jury waived; evidence adduced at length; general findings and judgment in favor of plaintiff, and appeal by defendant.

The argument for defendant is largely based upon the assumption that the matter of the alleged conspiracy on the part of plaintiff and various attorneys and other garnishing creditors and other persons to get hold of the money paid into the justice court of Ed H. Wilson is still an open question. Such assumption is erroneous. That matter, like all other mere issues of fact, was tried out and decided adversely to defendant in the district court. Its finding and judgment was in effect a determination that no such conspiracy existed. So that phase of the controversy is ended.

Passing to the errors assigned and urged on our attention, defendant complains of the ruling of the trial court denying his motion that Sellers, the principal obligor on the appeal bonds, should be made a party. Where several parties are obligors in a written undertaking, the plaintiff has the option of selecting which of them he will sue—one, several, or all of them (R. S. 60-414)—and a motion to bring in other parties to the litigation is largely addressed to the trial court's discretion. (*Insurance Co. v. Etchen,* 111 Kan. 545, 207 Pac. 782. And see, also, *Nuzman v. Bennett,* 115 Kan. 766, 224 Pac. 900.) The denial of this motion was not error.

Several errors are assigned *in this case* based upon the ruling of the trial court *in another action,* wherein the trial court sustained a motion of Sellers' attorney requiring the justice of the peace, Ed H. Wilson, to pay over the money, which had been delivered into his hands by a garnishee, to the clerk of the district court or to Sellers. It is impossible to see how that order, even if it were erroneous, could be reviewed in this action. But the order was not erroneous. It was superfluous; and so, too, was the motion itself. When the appeal bonds here sued on, and which are the basis of this judgment, were executed and approved, the legal effect was to discharge the garnishment and release the money in the hands of the justice of the peace.

The other matters argued by defendant have had patient perusal and careful attention, but present nothing of sufficient gravity to disturb the judgment nor to justify discussion.

Affirmed.