Everts v. Wheat Growers Ass'n.

No. 26,530.

C. H. EVERTS et al., Members of the Kansas Wheat Growers Association, *Plaintiffs*, v. THE KANSAS WHEAT GROWERS ASSOCIATION, C. E. Cox et al., President, Vice President, Secretary, Treasurer, and Directors of the Kansas Wheat Growers Association, *Defendants*.

SYLLABUS BY THE COURT.

CORPORATIONS—*By-laws*—*Meetings*—*Quorum*. A corporation by-law reading, "At any meeting a majority of the members present in person or represented by proxy shall constitute a quorum for all purposes, including the election of directors, except when otherwise provided by law," is held to mean that a majority of the members of the association shall constitute a quorum.

Original proceeding in mandamus. Opinion filed July 11, 1925. Motions to quash alternative writ allowed.

*Silas Porter*, of Topeka, *E. L. Foulke* and *James B. Nash*, both of Wichita, for the plaintiffs.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *Robert L. NeSmith*, all of Wichita, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus by which the plaintiffs, members of the Kansas Wheat Growers Association, a corporation organized under sections 17-1601 to 17-1625 of the Revised Statutes, the coöperative marketing act, seek to compel the defendants, the president, the vice president, the secretary, the treasurer and the directors of the Kansas Wheat Growers Association, to forthwith call a meeting of said association and give due notice thereof to all the members of the association. Incidental relief is also asked. Motions to quash the alternative writ have been filed. This hearing is on those motions.

The alternative writ alleges the corporate existence of the Kansas Wheat Growers Association and the membership of the plaintiffs in that organization. The writ sets out section 1 of article 12 of the by-laws of the association, as follows:

"A regular meeting of the members shall be held at the office of the association at 11 o'clock a. m. on the fourth Monday in May of each year, for the purpose of electing a board of directors and transacting such other business as may come before the meeting."

Corporations, 14 C. J. § 1380.

The alternative writ also sets out section 5 of article 12 as follows:

"At any meeting a majority of the members present in person or represented by proxy shall constitute a quorum for all purposes, including the election of directors, except when otherwise provided by law."

The petition further alleges that an annual meeting of the association was called to order in Wichita on the fourth Monday in May, 1925; that a committee on credentials was appointed; that a conspiracy was entered into by the defendants to prevent a meeting from being held; that in the pursuance of that conspiracy the defendants were guilty of much misconduct which need not be detailed here; that the committee on credentials reported that a quorum of members was not present; that the report was adopted; that a motion to reconsider the report was made; that the president refused to entertain the motion because no quorum was present, and that no meeting was held.

The alternative writ and the briefs disclose that the real controversy is over the construction of section 5 of article 12 of the by-laws; the oral argument disclosed the same thing. The by-law has been set out. It is capable of two constructions: one that a majority of the members present shall constitute a quorum, and the other that a majority of all members of the association shall constitute a quorum.

If the by-law be construed to mean that a majority of the members present shall constitute a quorum, it will consist of a variable number. One more than half of those in the room at the time shall then constitute a quorum. Why exclude the remainder of those present? All present should be counted to ascertain whether or not there is a quorum. Where is presence required? It must be at the place of meeting in the room where the meeting is held. Presence in the city, near the city, or in the building, but not in the room where the meeting is held, would not be sufficient. The business of the association must be transacted in the room where the meeting is being held, except that committees appointed by the association may transact their business outside that room, but they must report to the association in that room and their reports be acted on by the association at the meeting place.

The other construction, that a majority of the members of the association shall constitute a quorum, is in harmony with the language as it is written and punctuated. The ambiguity in the lan-

guage is occasioned by the provision for representation by proxy. The reasonable construction of the language is that a quorum is a majority of all the members of the association and that the majority must be present in person or be represented by proxy to authorize the association to transact its business.

The first two paragraphs of section 6 of article 12 of the by-laws should be noticed. The section is under the heading "Quorum." Those paragraphs read:

"The members in each district, as specified by the board of directors, shall hold a primary election in each district, to be conducted as, where and when specified by the board of directors; and shall, through delegates or otherwise, select two names from each district to be voted upon finally by the members for election as the director to represent each such district. The final election shall then be held in each district by mail.

"If unable to attend, members may vote at the primary meetings by mail, on a signed ballot prepared under direction of the board of directors. Participation in such primary meetings, in person or by proxy or by mailed ballot, shall be included as attendance in calculating the quorum for the annual meeting of members."

This cannot be complied with if the majority of those present, without regard to number, shall constitute a quorum.

It is argued that it is the duty of the officers to see that the annual meeting is held. The by-laws provide for special meetings. They may be called at any time by the president, or by a majority of the board of directors, or by one-third of the membership. There is no command to call such a meeting. The president may call it, but the by-laws do not compel him to do so; the directors may call it, but they are not compelled to do so; one-third of the members may call it, but they are under no obligation to do so. This may be a defect in the by-laws, but this court cannot correct defects in by-laws of corporations by compelling action where the by-laws fail to require action.

There is nothing alleged in the alternative writ which requires the exercise of the extraordinary powers of mandamus. The motions to quash are allowed.