State, *ex rel.*, v. Hutchinson Gas Co.

---

No. 27,914.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, and CHARLES HALL, County Attorney of Reno County, *Appellees,* v. THE HUTCHINSON GAS COMPANY, *Appellant.*

(264 Pac. 44.)

SYLLABUS BY THE COURT.

CORPORATIONS—*Dissolution and Appointment of Receiver—Circumstances Justifying Appointment.* Under the circumstances disclosed in the opinion, it was an abuse of discretion for the trial court to appoint a receiver in advance of the issues being joined and before trial of the action.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 11, 1928. Reversed.

*F. S. Jackson,* of Topeka, *A. C. Malloy,* of Hutchinson, and *Robert D. Garver,* of Kansas City, Mo., for the appellant.

*William A. Smith,* attorney-general, and *Charles Hall,* county attorney, for the appellees; *Max Wyman* and *Walter F. Jones,* both of Hutchinson, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from an order appointing a receiver at the commencement of the action, which is prosecuted to dissolve the defendant corporation and to declare that 5,465 shares of its capital stock had been issued in violation of law, that less than twenty per cent of its authorized capital stock had been paid in actual cash or any property equivalent thereto, and that the defendant is unlawfully usurping corporate privileges in the state of Kansas and is abusing its privileges.

The petition asked that "a receiver be appointed to manage the corporate property and business of said defendant under the supervision of the court and to wind up the affairs of said defendant com-

---

Corporations, 14a C. J. p. 1183 n. 30.

pany, and for such other and further relief as to the court may seem just and equitable." On the hearing of the application for the appointment of a receiver, the plaintiff submitted in evidence its verified petition, and the defendant introduced other evidence in its behalf. The evidence tended to prove that the Cities Service Company was operating gas-distributing systems in Wichita, Hutchinson and Newton; that it procured the incorporation of the defendant company at an authorized capital stock of $550,000; that thirty-five shares of such stock were sold to seven directors for $3,500 in cash; that, with the permission and authorization of the public utilities commission, the Cities Service Company sold to the defendant and the defendant purchased the Hutchinson gas plant, and in payment therefor issued its notes to the Cities Service Company amounting to $550,000, secured by mortgage, and issued the remaining capital stock which, at the request of that company, was delivered to William P. Lehrer, who holds it for the benefit of anyone concerned as his interest may appear; that the application for permission to purchase the plant stated the reproduction value of the plant new was $675,000; and that, at the time of the hearing, $102,913.69 had been paid on the notes. The defendant, in open court, offered to comply with any order which the court might make for the correction of any corporate abuses or practices which might be found to exist.

The journal entry of the judgment appointing the receiver recites that—

"It appearing to the court from the verified petition of plaintiff and the evidence introduced that the allegations in plaintiff's petition are true and that the defendant, the Hutchinson Gas Company, was created for the use and benefit of the Cities Service Company, a foreign corporation; and that there never were any *bona fide* incorporators of the Hutchinson Gas Company, and that the office of treasurer of the Hutchinson Gas Company was kept and maintained in Kansas City, Mo., and that the books and records of the Hutchinson Gas Company, excepting customers' meter accounts, for more than six months have been kept in Kansas City, Mo.; and that the said defendant corporation is perverting and abusing its corporate privileges as aforesaid; and that a receiver should be appointed therefor to manage its corporate affairs and business under the supervision of the court; and that A. W. Eagan was a suitable and proper person to be appointed receiver of the Hutchinson Gas Company."

There are six assignments of error, but they may be reduced to one, which is that under the evidence introduced the receiver should not have been appointed. The statement by the court that the

Hutchinson Gas Company was created for the use and benefit of the Cities Service Company, and that there were never any *bona fide* incorporators of the Hutchinson Gas Company, made as a reason for the appointment of a receiver, was without foundation in law. Subsidiary corporations are organized every day for the purpose of enabling parent corporations to carry on their business properly. Such corporations are not prohibited by law and are necessary under modern industrial conditions. The office of the treasurer of the Hutchinson Gas Company was maintained in Kansas City, Mo., but the defendant offered in open court to maintain it in Hutchinson. The statement that the defendant is perverting or abusing its corporate privileges was a conclusion of fact which did not have support in the evidence, although that conclusion may have been based on the fact that the $550,000 stock of the Hutchinson Gas Company was issued without permission from the public utilities commission. The evidence disclosed that when that stock was issued, the Hutchinson Gas Company was not operating as a public utility, and for that reason was not under the control of the public utilities commission, and that commission did not have power to say whether or not stock should be issued. Authority to issue the stock was granted by the state charter board when the Hutchinson Gas Company was incorporated.

The petition alleged that the defendant had filed with the secretary of state an affidavit showing that the entire authorized stock of the company had been paid in property equivalent to actual cash, that the property consisted of the plant located in the city of Hutchinson, and that the property was substantially in excess of the authorized capital of the company; but the petition further alleged that the affidavit was not true.

The receiver was appointed soon after the commencement of the action and before issues were joined between the plaintiff and the defendant. There has been no trial of the allegations of the petition except such as was had when the receiver was appointed. The Hutchinson Gas Company is operating the gas plant in the city of Hutchinson, and through that plant is furnishing gas to domestic consumers in that city. Until there is some active violation of law, or some disobedience of an order of a court, a receiver should not be appointed to take charge of the property of the defendant before issue has been joined on the matters alleged in the petition and before trial has been had thereon.

In *City of Topeka v. Water Co.,* 58 Kan. 349, 49 Pac. 79, the court said:

"Courts are extremely reluctant to adjudge forfeitures of corporate privileges and franchises; and being vested with some discretion in proceedings brought for that purpose, will ordinarily do so only where no other adequate remedy is available." (Syl. ¶ 1.)

In *State v. Water Co.,* 63 Kan. 317, 65 Pac. 257, the state prosecuted an action to oust the defendant from exercising the functions and powers of a corporation under the laws of this state for failing to file with the city clerk a sworn report required by law. The court there said:

"There are adequate and available remedies other than the forfeiture of corporate franchises. This being so, it has been frequently decided by this court that a proceeding like the present will not lie." (p. 318.)

In *Albach v. Fraternal Aid Union,* 100 Kan. 511, 517, 164 Pac. 1065, the court said:

"In the facts alleged and the relief prayed for in this action the proceeding in effect is *quo warranto.* Except in most unusual cases, such an action can only be maintained in the name of the state by its proper legal representative —the attorney-general, or, perhaps, by the county attorney. And even if so maintained, the relief to be given is to some extent discretionary with the court. (*City of Topeka v. Water Co.,* 58 Kan. 349, 353, 49 Pac. 79.) Where, as most likely in the case at bar, the result would be to wreck an institution that is doing a beneficial and humanitarian work notwithstanding some possible defects in its financial or economic structure, the state's responsible legal representative should consider well whether such action should be instituted (*The State v. Bowden,* 80 Kan. 49, 56, 57, 101 Pac. 654), and the court would consider with profound solicitude whether the remedy prayed for was not worse than the evil complained of."

A receiver should not have been appointed. It was an abuse of discretion for the court, before issues joined and before trial, to appoint a receiver to take charge of the property of the defendant.

The judgment is reversed; the order appointing a receiver is set aside; the court is directed to require the receiver to make his final report; and, upon that report being filed and approved, the receiver should be discharged from further duty.