No. 28,861.

The State of Kansas, ex rel. William A. Smith, Attorney-general, *Plaintiff*, v. The Kansas Wheat Growers Association, *Defendant*.

(274 Pac. 731.)

Opinion filed February 22, 1929.

*William A. Smith*, attorney-general, *John G. Egan* and *Roland Boynton*, assistant attorneys-general, for the plaintiff.

*T. A. Noftzger,* of Wichita, *Robert Stone, James A. McClure, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the defendant.

*Per Curiam:* The state brings quo warranto to forfeit the charter of the defendant association, which was organized in 1921 under the coöperative marketing act (R. S. 17-1601 *et seq.*), which authorized the formation of such corporations by any group of twenty persons engaged in agriculture and related activities.

The principal matters alleged in the state's petition as the basis of this action pertain to a series of frauds practiced by some of the members of the corporation against other members in the matter of certain agreements entered into between them prior to the organization of the corporation but which the latter has unconscionably enforced and still seeks to enforce as beneficiary thereof. The fraud alleged was to this effect:

Certain persons planned to organize a great association of wheat growers under the provisions of the coöperative marketing act. They were to form a pool of 50,000,000 bushels of their wheat production and to market it coöperatively, and they agreed to submit to a penalty of 25 cents per bushel for all the wheat they marketed otherwise. The proposed pool could not be formed, so it was cut down to 5,000,000 bushels, but the general plan was preserved and supposedly achieved in good faith by some of the members, but never actually accomplished. There was a preorganization committee to attend to the preliminaries and to secure a charter whenever enough wheat farmers having a sufficient acreage of wheat at an average yield of 13 bushels per acre to make a pool of 5,000,000 bushels should sign the marketing agreement, otherwise the project should be abandoned and the subscribers should not be bound. Various questions concerning the preliminary organization of defendant and its marketing agreements have had the attention of this court. (*Wheat Growers Ass'n v. Schulte,* 113 Kan. 672, 216 Pac. 311; *Wheat Growers Ass'n v. Oden,* 124 Kan. 179, 257 Pac. 975; *Wheat Growers Ass'n v. Bridges,* 124 Kan. 601, 261 Pac. 570; *Wheat Growers Ass'n v. Rowan,* 125 Kan. 657, 266 Pac. 104; *Wheat Growers Ass'n v. Rowan,* 125 Kan. 710, 266 Pac. 101.) Other phases of defendant's corporate conduct have been considered in *Everts v. Wheat Growers Ass'n,* 119 Kan. 276, 237 Pac. 1030, and *Wheat Growers Ass'n v. Massey,* 123 Kan. 183, 253 Pac. 1093.

It is now alleged that not more than half enough growers ever were secured to make the 5,000,000-bushel pool, and that the pre-organization committee fraudulently altered and increased the acreages of many subscribers so as to bring the proposed pool up to the stipulated requirement. For some years the defendant functioned according to its charter, but since 1925 its principal corporate activity has been to enforce the marketing agreements made in its behalf prior to its incorporation with such of its members as have marketed their wheat through other channels. Many of such controversies are chronicled in our reports. Some of these are: *Wheat Growers Association v. Floyd,* 116 Kan. 522, 227 Pac. 336; *Wheat Growers Ass'n v. Rowan,* 123 Kan. 169, 254 Pac. 326; *Wheat Growers Ass'n v. Oden,* 124 Kan. 179, 257 Pac. 975; *Kansas Wheat Growers Ass'n v. Leslie,* 126 Kan. 694, 271 Pac. 284; *Kansas Wheat Growers Ass'n v. Farmers Elevator Co.,* 127 Kan. 27, 272 Pac. 181; *Kansas Wheat Growers Ass'n v. Smith,* 127 Kan. 267, 273 Pac. 437.

By this proceeding in quo warranto counsel for the state avowedly propose that the further prosecution of such actions shall be stayed, that the management of the corporation shall be taken out of the hands of its officials and placed in charge of a receiver of this court, presumably to abate all such actions and to forego all further exaction of penalties for breaches of these marketing agreements against those who signed such contracts before the 5,000,000-bushel pool was attained.

Other matters alleged in the state's petition are relatively of little moment. There is no substantial breach of corporate duty towards the state itself alleged in the petition. (14a C. J. 1094.) The outstanding question presented is whether the state's prerogative power to challenge a corporation's right to live should be invoked in an action of this sort. The real grievance alleged is not any delinquency of the corporation against the state of Kansas, but this series of grievances between it and its members because of the alleged series of frauds practiced upon them by the preorganization committee and those in collusion with them. But the state has no particular concern in those preliminary negotiations. The state imposed no such conditions as a prerequisite to the granting of a charter to this corporation. Any twenty wheat growers having any small acreage of wheat were entitled to a charter for the asking. The original jurisdiction of this court in quo warranto is discretion-

ary. The writ in quo warranto is not in every case demandable as of strict right. The court must not overlook broad and obvious questions of public policy involved in its issue. (14a C. J. 1093.) It would be a very disturbing situation if every internal controversy between members of a corporation based on alleged fraudulent practices on the part of some towards others of their number should be permitted to drag the state itself into litigation and cast upon it the burden of maintaining or defending causes of that sort. In such cases the state does its whole duty when it furnishes courts where such private grievances can be aired and redressed at the instance of the individuals concerned. Under more persuasive circumstances than those here presented this court in its discretion has repeatedly declined to permit its jurisdiction in quo warranto to be so used. In *State v. Bowden*, 80 Kan. 49, 101 Pac. 654, it was said:

"The court has some discretion in granting and refusing relief in actions of quo warranto, which it may exercise according to the peculiar facts of individual cases." (Syl., ¶ 5.)

This rule was applied in *State, ex rel., v. MounDay*, 90 Kan. 449, 133 Pac. 864; *State, ex rel., v. Casualty & Surety Co.*, 111 Kan. 139, 206 Pac. 331; *State, ex rel., v. Wyandotte County*, 117 Kan. 151, 159, 230 Pac. 531; *State, ex rel., v. Hutchinson Gas Co.*, 125 Kan. 337, 264 Pac. 441.

This action is dismissed.

HOPKINS, J., dissenting.