No. 29,265.

C. A. LITTLE et al., *Plaintiffs;* THE STATE OF KANSAS, Intervener, *Appellant,* v. THE KANSAS WHEAT GROWERS ASSOCIATION and THE KANSAS COÖPERATIVE MARKETING ASSOCIATION, *Appellees.*

(285 Pac. 620.)

Opinion filed March 8, 1930.

*William A. Smith,* attorney-general, *F. Dumont Smith,* of Hutchinson, and *A. L. Moffat,* of Kinsley, for the appellant.

*T. A. Noftzger, George W. Cox* and *Lawrence Weigand,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: Plaintiffs were C. A. Little and others. Defendants were the Kansas Wheat Growers Association and the Kansas Co-operative Marketing Association. The state intervened. A demurrer to the intervening petition was sustained, and the state appeals.

Plaintiffs, as stockholders of the wheat growers association, sued for themselves and other stockholders. The petition charged abuses of corporate power and alleged that the wheat growers association had transferred property to the marketing association without consideration. The prayer was for recovery of the property or its value from the marketing association, for removal of officers of the wheat growers association, for appointment of a receiver, and for winding up the affairs of the wheat growers association. The material allegations of the state's intervening petition were substantially the same as those of the petition; but the intervening petition contained no prayer for any kind of relief, and neither defendants nor the district court had any information concerning what fixed purpose the state had when it came into the case. In this court the state indicates it intervenes under the statute relating to corporate dissolution, which provides for removal of officers, appointment of a receiver, and winding up of affairs. The remedies are invocable in case the corporation is insolvent, or in case it "perverts or abuses its corporate privileges."

Neither the stockholders' petition nor the state's intervening petition alleged insolvency, nor stated facts from which insolvency was made to appear. There was no statement of facts showing the association owed any money to anybody, and both petitions disclosed the corporation has some assets.

The intervening petition alleged the wheat growers association was irregularly and fraudulently organized, its corporate powers have been abused, its property has been dissipated, the business for which the corporation was chartered has terminated, and its corporate objects have been abandoned. Leaving at one side the transfer of property to the marketing association, the pleaded facts justifying the charges were presented to this court a year ago by the attorney-general in the case of *State, ex rel., v. Kansas Wheat Growers Ass'n,* 127 Kan. 669, 274 Pac. 731. The syllabus reads:

"Where it appears that the principal object of an original action in quo warranto is the state's espousal of a series of private controversies between a corporation and some of its members, and to prevent the corporation from litigating with its members certain demands of disputed merit, and where there is no serious charge against the corporation of any breach of its corporate duty towards the state itself, the proceeding will be dismissed."

The state says the first action has nothing to do with this one, the first action was in quo warranto and was destructive, and this action is visitorial and constructive.

The quo warranto statute under which the first action was prosecuted reads as follows:

"*Third,* When any association or number of persons shall act within this state as a corporation, without being legally incorporated.

"*Fourth,* When any corporation does or omits acts which amount to a surrender or a forfeiture of their rights and privileges as a corporation, or when any corporation abuses its power or exercises powers not conferred by law." (R. S. 60-1602.)

In the case of *State, ex rel., v. Oil and Gas Co.,* 105 Kan. 340, 182 Pac. 547, the syllabus reads:

"In a proceeding in quo warranto in which a corporation is charged with abuses of the franchise granted to it, and with unlawful practices by its board of directors, the charges are found to be in part sustained, and, exercising the discretion vested in the court, it is adjudged that there be a partial ouster by the prohibition of the abuses and unlawful practices and the selection of efficient and law-observing directors." (¶ 2.)

Therefore, so far as form of action is concerned, the quo warranto action affords ample opportunity for visitorial correction.

The petition in quo warranto made the same charges which are now made. The prayer, except the formal prayer for ouster, was for a receiver, for dissolution, and for winding up. The prayer of the stockholders' petition in this action was for a receiver, for dis-

solution, and for winding up. What did the state want done? Its intervening petition was silent. In its brief, however, its notion of what ought to be done is revealed. After a recapitulation of corporate irregularities and misdeeds, it is said:

"It is time its affairs should be wound up, the property thus alienated restored to its possession, and if necessary, a receiver appointed to this end."

The result of the foregoing is the intervening petition contains but one ground for appointing a receiver and winding up the affairs of the corporation, which has not been considered and rejected.

It appears from the petition and the intervening petition that the wheat growers association transferred some property to the marketing association without consideration. There is no allegation in either petition giving any clue to the nature or quantity of property transferred or its value. The petition alleges the transfer was made about 1925. If so, claim for restoration or for damages is barred by limitation. The intervening petition significantly omits to state when the transfer was made. Whenever it was made, qualified persons, the stockholder plaintiffs, have an action pending to recover the property or its value. If the help of a receiver is needed the court may appoint one. When the stockholder plaintiffs secure restoration of the misappropriated assets to the treasury of the corporation that abuse of corporate power will be remedied; and the present public interest in the behavior of the wheat growers association in the matter of the stale transfer is too faint and too remote to make the state a real party in interest in this litigation. Everything else in the case is covered by the syllabus of the former decision, quoted above, and by the following quotation from the opinion:

"It would be a very disturbing situation if every internal controversy between members of a corporation based on alleged fraudulent practices on the part of some towards others of their number should be permitted to drag the state itself into litigation and cast upon it the burden of maintaining or defending causes of that sort. In such cases the state does its whole duty when it furnishes courts where such private grievances can be aired and redressed at the instance of the individuals concerned." (*State, ex rel., v. Kansas Wheat Growers Ass'n,* 127 Kan. 669, 672, 274 Pac. 731.)

The judgment of the district court is affirmed.

HARVEY, J., dissenting.